[Civ. No. 4372.   Second Appellate District, Division One.—June 10, 1925.]

ALMA R. YOAKUM, Special Administratrix, etc., Respondent, v. CLYDE GRIMES et al., Appellants.

[1] TRUSTS — OWNERSHIP OF CORPORATION STOCK — ASSIGNMENT FOR BENEFIT OF HEIRS—INTENT—EVIDENCE—FINDING—APPEAL.—In this action by a surviving wife as the special administratrix of the estate of her deceased husband to have it determined that certain shares of stock in a company bearing the name of decedent were property of his estate, it was apparent that by the declaration of trust signed by decedent and by the person in whose name such stock was issued, and wherein they recited that the stock was assigned by the former to the latter as trustee for the heirs of the company, decedent understood that the trust was for his own heirs; and the evidence having been sufficient to sustain the finding that decedent intended to assign all the stock in trust for the benefit of his heirs, that finding must be sustained on appeal, notwithstanding there was some evidence which would have supported a different finding.

[2] ID.—DUTIES OF TRUSTEES—DEATH OF TRUSTOR—OWNERSHIP OF STOCK.—Where the trust imposed no duties upon the trustees other than to hold the stock for the heirs of the trustor, upon his death it became the property of those heirs.

[3] ID.—TESTAMENTARY TRUST—ACTION FOR BENEFIT OF HEIRS—PARTIES.—Since the trust in such case is one resembling or having the nature of a testamentary trust, the special administratrix of the estate of the trustor is entitled to maintain an action against the trustees for the benefit of the heirs, in the same way and to the same extent that she might maintain an action to recover any property legally vested in the decedent at the time of his death.

(1) 4 C. J., p. 883, n. 33.    (2) 39 Cyc.. p. 101, n. 84.    (3) 39 Cyc., p. 524, n. 37.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Arthur Keetch, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Jones & Weller for Appellants.

Randall, Bartlett & White for Respondent.

CONREY, P. J.—The judgment in this case determines that certain shares of stock of the John E. Yoakum Company, a corporation, are property of the estate of John E. Yoakum, and that plaintiff is entitled to possession thereof; and orders that the several defendants transfer to plaintiff the shares of stock held by them, as evidenced by their certificates of stock.

The findings of fact, which closely follow the allegations of the complaint, are to the effect that on the fourth day of June, 1915, John E. Yoakum was the owner of 14,960 shares of the capital stock of the John E. Yoakum Company, a corporation; that on that date he executed a written instrument in the following terms:

"For and in consideration of Ten Dollars and other valuable considerations from Mary A. Grimes, I hereby assign to Clyde Grimes one of her heirs, as trustee for the heirs of the John E. Yoakum Company, 11000 shares of stock in the above said Company, No. 82.

"JOHN E. YOAKUM, Pres.
."CLYDE GRIMES.

"Also this day I have assigned the following stock in above said Company to John V. Yoakum, 1000 shares—No. 86, Queenie (Yoakum) Graves 1000 shares—No. 85, Jennie Y. Dickenson, 1000 shares—No. 84, Valentine S. Yoakum, 1000 shares—No. 83."

Here it should be explained that the evidence shows that at the same time an apparently intended duplicate of this instrument was separately written, on which the signatures in addition to those above shown included the individual signature of John E. Yoakum at the bottom of the instrument. Clyde Grimes also signed both papers. The second instrument to which we refer was not an exact duplicate, for the reason that in the first paragraph the number of shares was given as 10,000 instead of 11,000. There is no dispute about this discrepancy. The judgment assumes that the true number of shares assigned to Grimes was 10,000, and the plaintiff in fact claims nothing more so far as that item is concerned.

The findings are further to the effect that on said fourth day of June, 1915, the said John E. Yoakum caused the corporation to cancel his certificate for 14,960 shares,

and caused a new certificate to be issued to Clyde Grimes for 10,000 shares, and to each of the four other parties named in the written instrument a certificate for 1,000 shares, and likewise caused a new certificate to be issued to John E. and Alma R. Yoakum for the remaining 960 shares; that the certificate No. 82, which was for 10,000 shares, was delivered to Clyde Grimes during the month of June, 1922, but that the certificates numbered 83, 84, 85 and 86 were delivered to John E. Yoakum and retained by him, and were never delivered to any of the parties named in the certificates until after his death.

The court further finds that by said written instrument of June 4, 1915, John E. Yoakum intended to assign the said stock in trust for the benefit of his heirs; that John E. Yoakum died on or about the first day of July, 1922, and that the plaintiff is the duly appointed and qualified special administratrix of his estate; that the plaintiff has demanded of the defendants that they and each of them transfer to her, as such special administratrix, the said several shares of stock, together with the certificates issued to them in evidence thereof, which demand has been refused by them; that the defendants and each of them denied that they were holding said stock or any part thereof in trust for the benefit of the heirs of John E. Yoakum; that said defendants and each of them claimed absolute ownership of such stock as appearing in their respective names on the books of the company. There are further findings relating to the organization and business of the corporation.

[1] The principal grounds of appeal presented by appellants Clyde Grimes, Jennie Y. Dickenson and John V. Yoakum are that the complaint fails to state a cause of action, and that the findings are not supported by the evidence. Particularly, it is contended that there is no evidence to sustain the finding that by the instrument set forth in the complaint John E. Yoakum intended to assign said stock in trust for the benefit of his heirs.

Manifestly, there could be no heirs of the corporation, and we may assume that the written instrument does not by its terms describe any beneficiaries of the trust, if any trust was intended. But there is testimony sufficient to prove that the transfers were in fact made in trust for John E. Yoakum's heirs. With reference to the transfers other than

that to Clyde Grimes, the plaintiff testified that at the time when the transfers were made, the statements of her husband were to the effect that the shares were to be held in trust for his heirs. And with reference to the stock transferred to Clyde Grimes, Mrs. Yoakum's testimony is that at the time when the instrument of transfer was made, John E. Yoakum said to Clyde Grimes: "Now, remember that you are to hold this stock for Alma and the children." The instrument was at the time written out by Clyde Grimes, in response to Yoakum's request that he "write out a receipt for this stock." According to this testimony it is apparent and fairly may be inferred that by the phrase "heirs of the John E. Yoakum Company," Mr. Yoakum understood that the trust was for his own heirs.

The evidence being thus plainly sufficient to sustain the finding that John E. Yoakum intended to assign all of the stock in trust for the benefit of his heirs, that finding must be sustained, notwithstanding that there is some evidence which would have supported a different finding.

Appellants contend that the complaint does not state a cause of action and that their demurrer should have been sustained. The argument is that the action is brought to revoke a trust; that John E. Yoakum could not have revoked the trust and that the plaintiff's right cannot be any better than that of the trustor. But we agree with respondent that the purpose of the action is to enforce, and not to revoke a trust.

[2] Since there was no duty imposed upon the trustees other than to hold the stock for the heirs of the trustor, it follows that upon his death it became the property of those heirs. Whether or not, under the facts shown by the evidence and found by the court, the administratrix is the right party to compel the trustees to perform their duty, is a question which has not been raised or discussed by counsel. The only objection made by appellants, touching this phase of the action, is that the beneficiaries have not been made parties. But it does not appear that there is any beneficiary who is not a party to the action. [3] We are assuming, therefore, without any attempt to examine into the question thoroughly, that since the trust is one resembling or having the nature of a testamentary trust, the administratrix is entitled to maintain this action for the bene-

fit of the heirs, in the same way and to the same extent that she might maintain an action to recover any property legally vested in the deceased at the time of his death. We deem this disposition of the matter to be satisfactory, because it is apparent that the merits of the matter in dispute have been tried and determined no differently than if the designation of parties had been precisely correct.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.